UNITED STATES DISTRICT
COURT DISTRICT OF
MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>J. MARK COULSON<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>Phone: (410) 962-4953 \| Fax: (410) 962-4953 |

September 30, 2022

LETTER ORDER AND OPINION TO ALL COUNSEL OF
RECORD

Re:   *Selby v. City Wide Bus Company, Inc. et al*
      Civil No.: 21-cv-03111-JMC

Dear Counsel:

    On September 27, 2022, counsel for Plaintiff filed a letter to Chambers (ECF No. 29) indicating that a discovery dispute had arisen regarding the extension of the discovery deadline to accommodate one deposition by Defendants and three depositions by Plaintiff. On September 28, 2022, Defendants filed a position letter asserting that they are amenable to a scheduling order modification for the limited purpose of deposing Plaintiff Yvonne Selby and requesting a corresponding push back of the deadlines for requests for admission and dispositive motions to account for Plaintiff's delayed deposition. (ECF No. 30). Plaintiff in turn filed a position letter requesting a seventy-five (75) day discovery extension for the purpose of allowing the parties adequate time to depose not only Plaintiff, but also Defense witnesses Cordell Scott, Biff Allender, and Norma Weldon. For the reasons subsequently provided, the Court will grant a 45-Day extension of discovery until November 14, 2022, for the limited purpose of taking Plaintiff's deposition, potentially taking the depositions of the three individuals requested by Plaintiff (if same can be accomplished under the conditions set forth below), and providing any previously-promised supplementation of prior discovery responses. Furthermore, the Court will extend the deadlines for requests for admission to November 21, 2022, and it will extend the deadline for dispositive motions to December 21, 2022.

    Discovery for this case opened on March 3, 2022, pursuant to the entry of the Court's Scheduling Order. (ECF No. 8). Despite the initial discovery deadline being August 1, 2022, the Court extended the discovery deadline at the request of Defendants until September 30, 2022. (ECF No. 26). On September 9, 2022, Defendants attempted to contact Plaintiff's counsel via email for the purpose of scheduling a deposition of Plaintiff. (ECF No. 30-3, Exhibit C); Loc. R. Appendix A, Guideline 4(a) (D. Md. 2021) (requiring attorneys "to make good faith effort to coordinate deposition dates with opposing counsel, parties, and non-party deponents, before noting a deposition."). Five days later, on September 14, 2022, having not received a response from Plaintiff's counsel, Defendants again attempted via email to confer with Plaintiff's counsel

regarding Plaintiff's availability for deposition. *Id.* In this September 14, 2022, correspondence, Defendants stated that they would note the deposition of Plaintiff for Wednesday, September 28, 2022, if Plaintiff's counsel failed to respond. *Id.* Plaintiff's counsel again failed to respond, and Defendants noted Plaintiff's deposition on September 19, 2022. (ECF No. 30-4, Exhibit D).

On September 23, 2022, Plaintiff's counsel finally responded to Defendants and informed them that Plaintiff was unable to be deposed on September 28, 2022, and that she would be unable to be deposed before the close of discovery. (ECF No. 30-5, Exhibit E). That same day, Plaintiff's counsel indicated via email that it wished to depose three defense witnesses. *Id.* The parties have since been unable to reach a mutual agreement regarding how to proceed regarding this discovery dispute.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. (16)(b)(4). The "burden for demonstrating good cause rests on the moving party." *United States v. Hartford Accident & Indemnity Co.*, JKB-14-2148, 2016 WL 386218, at *5 (D. Md. Feb. 2, 2016). "To demonstrate good cause, the party seeking relief must show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Henson v. NaturMed, Inc.*, ELH-18-1102, 2019 WL 214531 (D. Md. May 15, 2019) (internal quotations and citations omitted). "In determining whether the moving party has met its burden to show good cause, courts may consider whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Id.* (internal quotations and citations omitted). However, if "'the party was not diligent, the inquiry *should end*.'" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (quoting *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995)) (emphasis added).

Plaintiff's counsel asserts in his position letter that "defendants' counsel began the discussion about taking depositions only eleven days before the current discovery deadline." (ECF No. 31). However, Defendants first attempted to contact Plaintiff's counsel on September 9, 2022, to schedule a deposition of Plaintiff. (ECF No. 30-3, Exhibit C). Defendants followed up again on September 14, 2022, and after receiving no response yet again, Defendants noted Plaintiff's deposition on September 19, 2022. (ECF No. 30-4, Exhibit D). Pursuant to the Local Rules, "fourteen (14) days' notice should be deemed to be 'reasonable notice' within the meaning of Fed. R. Civ. P. 30(b)(1) for the noting of depositions." Loc. R. Appendix A, Guideline 9(b) (D. Md. 2021). Defendants, having only one intended deposition to take, attempted to contact Plaintiff's counsel with three weeks remaining for discovery. They have met the good cause standard, and the discovery deadline will be extended to accomplish this deposition. Although Plaintiff's counsel blanketly asserts that Defendants have acted in bad faith, the Court's discussion regarding the diligence of Defendants as it pertains to this discovery dispute compels the opposite conclusion. Plaintiff is ordered to appear for deposition as soon as possible, and before any of the three depositions Plaintiff herself requests.

As to those three depositions requested by Plaintiff, other than a general allegation of "scheduling conflicts and the press of work," Plaintiff's counsel has provided no justifiable reason for his failure to note a deposition of the three defense witnesses in enough time to

complete depositions before the close of discovery during the nearly seven months of discovery available. (ECF No. 31). That said, Plaintiff has not previously requested an extension of the discovery deadline, and as explained below, the Court's requirements for those depositions going forward mitigate prejudice to Defendants.

      Accordingly, the three depositions requested by Plaintiff can also go forward during the 45-day extension period if the following requirements are met. First, Plaintiff must agree to a date for her own deposition convenient to Defense Counsel and appear for her own deposition prior to any of the three depositions taking place. This will incentivize her to provide a date and sit for deposition as soon as possible. Second, Defense Counsel is to provide two alternative dates for the three requested depositions, and those depositions will go forward at Defense Counsel's offices or, alternatively, a reasonable alternative location Defense Counsel directs. If Plaintiff fails to timely select the offered dates, Plaintiff will lose her opportunity to depose the requested witnesses. If the schedules of Defense Counsel or the three witnesses cannot accommodate the depositions during the 45-day extension period, Defense Counsel may reasonably extend discovery for this purpose.

      Despite the informal nature of this letter, it is an Order of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge